Affirmed and Memorandum Opinion filed November 9, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00636-CR

___________________

 

Juan Carlos Leyva, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 230th District Court

Harris County,
Texas



Trial Court Cause No. 1124331

 



 

 

MEMORANDUM OPINION

            Appellant
Juan Carlos Leyva was charged by indictment with intentionally and knowingly
causing serious bodily injury to a child by burning her with a hot liquid.  See
Tex. Penal Code Ann. §
22.04(a)(1) (Vernon Supp. 2009).  The jury convicted him and further found that
he used a deadly weapon—the hot liquid—in the commission of the offense.  We
overrule his challenge to the legal and factual sufficiency of the evidence and
affirm his conviction. 

I.  Factual and Procedural
Background

            At the time
of the offense, appellant resided with his girlfriend, his girlfriend’s two
daughters, and the couple’s infant child.  Appellant cared for the children
while his girlfriend worked.  In January 2007, appellant’s girlfriend returned
from work to find that her three-year-old daughter had been severely burned. 
The complainant told her mother that appellant had burned her with hot soup. 
No one sought medical attention for the child until, weeks later, parts of her
fingers fell off.  At the urging of a coworker, the complainant’s mother
finally took the child to the hospital, and when she returned home, she found
that appellant had left, taking his possessions with him.  The complainant and her
sisters were removed from their mother’s home and subsequently adopted.  

            At trial two
years after the offense, the complainant did not recognize appellant in the
courtroom, but named him as the person who had injured her and testified that
he burned her by throwing hot oil or hot soup on her.  The complainant’s
sister, who was five at the time of the offense and seven at the time of trial,
identified appellant in court and testified that he had been cooking soup when
he threw hot oil on the complainant.  The complainant’s sister thought her
mother called the police and an ambulance, and that appellant went with
complainant and her mother to the hospital.  

            Appellant
was convicted, fined $10,000, and sentenced to sixty-five years’ confinement in
the Texas Department of Criminal Justice, Institutional Division.  He now
challenges the legal and factual sufficiency of the evidence to support his
conviction.

II.  Standard of Review

            In evaluating
the legal and factual sufficiency of the evidence to support a criminal
conviction, we consider all the evidence in the light most favorable to the
verdict and determine whether, based on the evidence and the reasonable
inferences to be drawn from it, a rational juror could have found the essential
elements of the crime beyond a reasonable doubt.  Brooks v. State,
PD-0210-09, 2010 WL 3894613, at *13–14 (Tex. Crim. App. Oct. 6, 2010)
(plurality op.); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. App.
2007).

Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).

III.  Analysis

            Appellant challenges
the legal and factual sufficiency of the evidence supporting his conviction for
causing serious bodily injury to a three-year-old child by burning her with a
hot liquid.  Specifically, he contends that the testimony of the complainant
and her sister was not credible because (1) the complainant did not recognize
him at trial, and (2) the girls sometimes said that the hot liquid used in the
offense was oil and sometimes said it was soup.  

            For at least
three reasons, these complaints afford no basis for reversal.  First, appellate
courts do not reweigh the credibility of witnesses.  See Brooks, 2010 WL
3894613, at *7–10.  Second, no eyewitness testimony was necessary because a
conviction can be supported by circumstantial evidence alone.  Kuciemba v.
State, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).  Consequently, the
complainant’s failure to recognize appellant in court does not render the
evidence of appellant’s guilt insufficient.  See Earls v. State, 707
S.W.2d 82, 85 (Tex. Crim. App. 1986) (holding evidence sufficient to support
conviction despite the complainant’s misidentification at trial of one of the
jurors as the perpetrator of the offense).  Third, the type of liquid used is
not an element of the offense and was not specified in the indictment; thus,
the State was not required to present any evidence of the liquid’s identity.  See
Tex. Penal Code Ann.
§ 22.04(a)(1) (Vernon Supp. 2009) (“A person commits an offense [of injury
to a child] if he intentionally, knowingly, recklessly, or with criminal
negligence, by act or intentionally, knowingly, or recklessly by omission,
causes to a child . . . a serious bodily
injury . . . .”).  

            Here, the
State has proved every element of the offense for which appellant was
indicted.  It is undisputed that the complainant was three years old at that
the time of the offense and that her injuries were permanent and disfiguring.  In
addition, two physicians and a police officer testified that hot liquids are
capable of causing serious bodily injury or death.  Thus, the only disputed
facts were whether appellant caused the complainant’s injuries, and whether he
did so with the requisite intent.  Two eyewitnesses testified that the
complainant was injured when the appellant threw hot liquid on her, and the
complainant’s mother testified that when she finally took the complainant to
the hospital, appellant left their home taking all of his possessions.  See Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004)(“Intent may be inferred
from circumstantial evidence such
as acts, words, and the conduct of appellant.”); Burks v. State, 876
S.W.2d 877, 903 (Tex. Crim. App. 1994) (en banc) (“Evidence of flight is
admissible as a circumstance from which an inference of guilt may be drawn.”). 


            We conclude
that the evidence is sufficient to support appellant’s conviction.  We
therefore overrule the issues presented on appeal and affirm the trial court’s
judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do
Not Publish— Tex. R. App. P. 47.2(b).