NUMBER 13-10-00105-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

MICHELLE RAMIREZ
A/K/A

MICHELLE PUENTES,         
                                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 36th
District Court 

of San Patricio
County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Michelle Ramirez a/k/a
Michelle Puentes challenges her conviction by a jury for theft, a state jail
felony, for which she was sentenced to fourteen months' incarceration and
assessed a $1000 fine.  Tex. Penal Code
Ann. § 31.03(e)(4)(D) (West Supp. 2010).  The sole issue before this Court
is whether the evidence presented at trial was sufficient to support the jury’s
verdict.  We affirm.

I.  Background

            In August 2009, Ramirez was found at the
Wal-Mart in Portland, Texas, in possession of several items she had not
purchased.  She was indicted as follows:

On or about the 3rd
day of August, A.D. 2009 . . . , [Ramirez] did then and there unlawfully
appropriate, by acquiring or otherwise exercising control over, property,
to-wit:  a handbag, cosmetics, and shoes, of the total value of less than
$1,500, from Israel Chapa, the owner thereof,[[1]]
with intent to deprive said owner of said property.  

 

Ramirez pleaded not guilty to the offense, and her case
was tried to a jury.  At the close of evidence, the jury was charged on theft
and returned a guilty verdict.  The trial court sentenced Ramirez to fourteen
months' confinement in the State Jail Division of the Texas Department of
Criminal Justice and assessed a $1000 fine.  This appeal followed. 

II.  Standard of Review and Applicable Law

            Ramirez challenges both the legal and factual
sufficiency of the evidence presented against her; however, the Texas Court of
Criminal Appeals’s 2010 Brooks v. State opinion abolishes this
distinction.  323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  The Court of
Criminal Appeals held that "the Jackson v. Virginia legal
sufficiency standard is the only standard a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the state is required to prove beyond a reasonable
doubt."  Id.  In light of the Brooks holding, this Court
will only conduct a legal sufficiency review.

            When reviewing legal sufficiency, the court
must ask itself "whether, after reviewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt" and
not whether it believes the evidence establishes the verdict beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). 
"[T]he jury is the sole judge of a witness’s credibility[] and the weight
to be given the testimony."  Lancon v. State, 253 S.W.3d 699, 707
(Tex. Crim. App. 2008).  The reviewing court should not act as a thirteenth
juror that substitutes its own opinion of the credibility and weight of the
evidence for that of the fact finder's.  See Brooks, 323 S.W.3d
at 905.  Instead, the reviewing court must "resolve inconsistencies in
testimony in favor of the verdict" and then ask whether a rational trier
of fact could have found the elements of the crime
beyond a reasonable doubt.  Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000).  

            To measure legal sufficiency, we use the
elements of the offense as defined by a hypothetically correct jury charge.  Villarreal
v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).  "Such a charge
is one that accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried."  Id. at 327. 
"A person commits an offense [of theft] if he unlawfully appropriates
property with the intent to deprive the owner of property."  Tex. Penal Code Ann. § 31.03(a).  

It is not necessary that the evidence
directly prove the defendant’s guilt; "[c]ircumstantial evidence is as
probative as direct evidence in establishing the guilt of the actor, and
circumstantial evidence alone can be sufficient to establish guilt."  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); see Kuciemba v. State,
310 S.W.3d 460, 462 (Tex. Crim. App. 2010).  A fact finder may support its
verdict with reasonable inferences drawn from the evidence, and it is up to the
fact finder to decide which inference is most reasonable.  Laster v. State,
275 S.W.3d 512, 523 (Tex. Crim. App. 2009).  

III.  The Evidence

            The State began its case by calling Israel
Chapa, the loss prevention officer for the Wal-Mart store at the time of the
theft.  Chapa testified that he noticed Ramirez entering the store and
identified her as "a lady [he had] dealt with in the past."  Chapa
then followed and observed Ramirez while she was in the store.  Chapa saw
Ramirez select a brown purse from the rack and place the purse in her shopping
cart.  Next, Chapa saw Ramirez select several CDs from the electronics
department and several pairs of shoes and a pair of sandals from the shoe
department.  After gathering these items, Ramirez then took the CDs to the
clearance section of the Wal-Mart store.  There, Chapa watched as Ramirez
removed the cellophane wrapping from the CDs and opened the cases.  

Chapa then testified that Ramirez
proceeded to the self-checkout counter where she purchased some of the items
from her cart.  As Ramirez purchased items and placed the bagged items in her
cart, Chapa saw that Ramirez’s child, who was by the cart, placed unpurchased
pairs of shoes into the bags of goods Ramirez previously purchased.  Chapa
testified that when Ramirez was brought to his office, he found that Ramirez
had two pairs of shoes and one pair of sandals that were unpurchased.  He also
found the brown purse he had seen Ramirez select from the rack, which contained
two open CDs and several cosmetic products, also unpurchased.  According to
Chapa, Ramirez had over $150 of unpurchased goods in her cart.

            On cross-examination, Chapa testified that
Ramirez was alone in different parts of the store.  Chapa further stated that
he never saw Ramirez personally conceal any of the items and that he could not
hear Ramirez tell her child to place the shoes and sandals into the bags of
purchased goods.  

During Chapa’s testimony, the State also
offered the DVD of the store security camera footage into evidence.  The trial
court admitted the DVD as State's Exhibit One.  The footage did not show
Ramirez or her child concealing any goods.  However, the footage clearly shows
that neither Ramirez nor any of her companions entered the store with a purse.

Next, the State called Michelle Quade, a
police officer with the City of Portland Police Department who responded to the
store security’s call.  Officer Quade testified that upon her arrival, she
noticed another woman named "Ms. Chapa," who had been with Ramirez
but had left the Wal-Mart separately, in a car in front of the store. 
"Ms. Chapa" talked on a cell phone and drove from one parking space
to another but did not leave the parking lot.  

            After talking with loss prevention officer
Chapa, Officer Quade escorted both "Ms. Chapa" and Ramirez to the loss
prevention office.  At first, Ramirez denied having the receipt for the goods
she purchased at the self-checkout.  However, shortly thereafter, Ramirez
produced the receipt.  Next, Officer Quade asked Ramirez for identification,
which she did not have on her person.  Officer Quade then asked Ramirez if the
brown purse in the cart belonged to her and whether it contained any
identification.  At first, Ramirez said the purse was hers but then said that
the purse belonged to "Ms. Chapa."  Officer Quade then asked
"Ms. Chapa" if the purse belonged to her and whether she could search
the purse; "Ms. Chapa" responded affirmatively to both questions. 
When Officer Quade searched the purse, she found brown packaging paper, two
CDs, and several cosmetic items.  Ramirez then stated that the purse was hers
and that she and "Ms. Chapa" found the purse in front of the store. 
Ramirez also told Officer Quade that both she and "Ms. Chapa" decided
that the purse was probably stolen and that they would keep the purse instead
of returning it.

IV.  Discussion

            By her sole issue on appeal, Ramirez argues
that the evidence was insufficient to support her conviction.  First, Ramirez
argues that loss prevention officer Chapa’s testimony did not amount to direct
evidence that Ramirez concealed either the shoes in the bags of purchased goods
or the CDs and cosmetics in the purse.  However, circumstantial evidence alone
can establish guilt.  See Hooper, 214 S.W.3d at 13.  The jury
here could have reasonably inferred from Chapa’s testimony, Officer Quade’s
testimony, and the store security DVD that Ramirez took the goods and had the
intent to deprive the store of those goods:  Ramirez selected the shoes,
selected the purse, and opened the CDs; Ramirez checked out in the
self-checkout line and did not scan or pay for the shoes, purse, or CDs;
Ramirez claimed that she found the purse outside of the store even though the
store security DVD shows that she entered the store without a purse; and the
quantity of goods taken was substantial.  See Laster, 275 S.W.3d
at 523.

Second, Ramirez argues that Chapa's
testimony was not credible because he could not remember "key events"
from that day.  However, the credibility of a witness’s testimony is a question
for the fact finder and not for this Court.  See Lancon, 253
S.W.3d at 707.  The jury evidently believed Chapa was a credible witness, and
this Court cannot substitute its own beliefs about the witness's credibility
for that of the jury.  See Brooks, 323 S.W.3d at 905.

Viewing the evidence in the light most
favorable to the verdict, we conclude that the jury could have rationally found
that Ramirez unlawfully appropriated property with the intent to deprive the
owner of that property.  See Tex.
Penal Code Ann. § 31.03(a).  The evidence was therefore sufficient to
support her conviction.  See Jackson, 443 U.S. at 318-19.  Ramirez's
sole issue is overruled.

V.  Conclusion

            The judgment of the trial court is affirmed. 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the

23rd day of June,
2011.

                                                                                                                                                            









[1] "Although the name of the owner
is not a substantive element of theft, the State is required to prove, beyond a
reasonable doubt, that the person (or entity) alleged in the indictment as the
owner is the same person (or entity)—regardless of the name—as shown by the
evidence."  Byrd v. State, 336 S.W.3d 242, 252 (Tex. Crim. App.
2011).  In this case, the State proved that Israel Chapa was an employee of
Wal-Mart and had a greater right of possession to the stolen items than did
Ramirez.  The Texas Court of Criminal Appeals has further noted that although
the traditional practice in indictments has been to list the name of an agent
who worked for a corporation, it is now acceptable, and sometimes preferable,
to list the actual corporation's name.  Id.  Here, however, Ramirez does
not challenge the language of the indictment or otherwise complain that the
State alleged the wrong owner or failed to prove that the alleged owner was the
person deprived of the property, so we do not address this circumstance in this
case.