

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0512-09

---

### JULIAN KUCIEMBA, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### WASHINGTON COUNTY

---

**KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion.**

Appellant was found behind the steering wheel, injured and intoxicated, at the scene of a one-car rollover accident, with a blood-alcohol level of more than twice the legal limit. The court of appeals found the evidence to be insufficient to show that appellant was intoxicated at the time that the accident occurred. We disagree and reverse the judgment of the court of appeals.

### I. BACKGROUND

### A. The Incident

Sheriff's Deputy Jonathan Prior received a dispatch for a one-vehicle, rollover accident, with

injuries. He arrived to find a pickup truck in a ditch. The truck was upright on its wheels, but the roof was partially crushed, indicating that the vehicle had completely rolled over. Appellant was behind the steering wheel. Upon arriving, Deputy Prior saw appellant slide across the center console and exit on the passenger side. Appellant had small cuts on his forehead, and blood was running down his face. Deputy Prior smelled a strong odor of alcohol on appellant's breath and noticed that appellant had to steady himself on his vehicle. Appellant's eyes were glassy and bloodshot, he had difficulty standing, and his speech was slurred. Appellant said that he had fallen asleep.

Approximately three minutes later, EMS arrived, and appellant was loaded into an ambulance. David Zeiders, one of the paramedics, smelled alcohol, but was not sure whether the odor was coming from appellant's breath or his person. Zeiders noticed cuts on appellant's face and hands and a red strap mark across appellant's chest where his seat belt would have been. Appellant said that he did not lose consciousness, but he also did not remember the accident. Zeiders drew blood from appellant before the ambulance left the scene.

No alcoholic beverages or containers were found in the pickup truck or at the scene. No skid marks were found on the roadway—indicating that appellant did not brake before the rollover occurred. The blood that was drawn at the scene was later tested at the hospital, revealing a blood alcohol level of .214.

### B. Appeal

The court of appeals found the evidence to be legally insufficient to show that appellant was intoxicated at the time he was driving.[1] The court identified the critical inquiry as whether there was

---

[1] *Kuciemba v. State*, No. 14-08-00050-CR, slip op. at 5, 2009 Tex. App. LEXIS 1728, at 7-9 (Tex. App.–Houston [14th Dist.] March 10, 2009)(not designated for publication).

a temporal link between appellant's driving and the intoxication.[2]  It relied upon opinions from the Court of Appeals for the First District for the proposition that, absent evidence in the record establishing the time of the accident or of a defendant's conduct in driving in a public place, evidence is insufficient to show that a defendant drove while he was intoxicated.[3]  The court observed that, in this case, the State presented neither witnesses to "testify regarding appellant's driving before the accident occurred" nor evidence to "establish how soon after the accident Deputy Prior arrived at the scene."[4]  It therefore held that there was neither direct nor circumstantial evidence to establish the necessary temporal link.[5]  The court held that the evidence given at trial supported "a finding that appellant was intoxicated at the accident scene" but was "insufficient to show that appellant was intoxicated while driving."[6]

## II. ANALYSIS

As the court of appeals correctly noted, in order for the evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between the a defendant's intoxication and his driving.  But a conviction can be supported solely by circumstantial evidence.[7]  "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor" and

---

[2]  *Id.*, 2009 Tex. App. LEXIS 1728, at 7.

[3]  *Id.*, 2009 Tex. App. LEXIS 1728, at 7 (citing *Stoutner v. State*, 36 S.W.3d 716 (Tex. App.– Houston [1st Dist.] 2001, pet. ref'd.); *Weaver v. State*, 721 S.W.2d 495 (Tex. App. – Houston [1st Dist.] 1986, pet. ref'd)).

[4]  *Id.*, 2009 Tex. App. LEXIS 1728, at 7-8.

[5]  *Id.*, 2009 Tex. App. LEXIS 1728, at 7.

[6]  *Id.*, 2009 Tex. App. LEXIS 1728, at 8-9.

[7]  *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

"the standard of review on appeal is the same for both direct and circumstantial evidence cases."[8]

Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object. We find instructive a case from the Supreme Court of Nebraska with similar facts:

> It is true that there is no direct evidence establishing the amount of time which elapsed between [the defendant] Blackman's last act of driving and [the deputy] Neumiller's arrival at the scene. However, we do not regard such evidence as essential to a reasonable inference that Blackman operated his motorcycle on the county road in violation of [the DUI statute], in light of the totality of the circumstantial evidence in the record.
>
> * * *
>
> The evidence in this case establishes that Neumiller arrived at the scene 15 to 20 minutes after receiving a report that a motorcycle had been observed in the ditch by a passing motorist. Neumiller initially observed Blackman lying in the ditch next to his motorcycle, and Blackman admitted to Neumiller that he had been operating the motorcycle on the county road immediately before he lost control and landed in the ditch. Neumiller observed symptoms of intoxication almost immediately upon encountering Blackman. There is no evidence in the record of other persons, liquor, or liquor containers in the area where Blackman was found by the officer, nor is there any other evidence which would support an inference that Blackman had the means or opportunity of ingesting alcohol from the time he lost control of the motorcycle until the officer found him lying beside it in the ditch. Blackman argues that the State did not offer evidence to exclude this possibility, but we do not regard the State's burden of proving guilt beyond a reasonable doubt as requiring it to disprove every theoretical hypothesis other than guilt. In this case, it can reasonably be inferred that the deputy found Blackman where he had come to rest after losing control of his motorcycle and that Blackman's state of intoxication at that time existed when he last operated the motorcycle on the county road.[9]

Moreover, a driver's failure to brake also provides some evidence that the accident was

---

[8] *Id.*

[9] *State v. Blackman*, 254 Neb. 941, 946, 949, 580 N.W.2d 546, 550, 551 (1998)(bracketed material substituted for original or added, ellipsis inserted).

caused by intoxication.[10]  Further, appellant's presence behind the steering wheel and the fact that he was still bleeding support an inference that the accident had occurred a short time previously. Finally, the high-blood alcohol level—more than twice the legal limit—found in a sample taken at the scene, supports an inference either that appellant was recently involved in the accident or that he had been intoxicated for quite a while.  The combination of these facts is sufficient to support appellant's conviction for driving while intoxicated.

We reverse the judgment of the court of appeals and remand the case to that court to address appellant's remaining issue.

Delivered: May 26, 2010
Publish

---

[10] *Kirsh v. State*, 306 S.W.3d 738, 746, 746 n.26 (Tex. Crim. App. 2010) (citing *Sierra v. State*, 280 S.W.3d 250, 256 (Tex. Crim. App. 2009)).