**Opinion filed September 2, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00154-CR

_____

### KALE BLAKE HUGHES, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the County Court**

**Eastland County, Texas**

**Trial Court Cause No. 06-638**

## O P I N I O N

The jury convicted Kale Blake Hughes of a Class B misdemeanor offense of driving while intoxicated and assessed his punishment at confinement for thirty days in the Eastland County Jail and a fine of $200. Following the jury's recommendation, the trial court suspended the imposition of the sentence and placed appellant on community supervision for six months. We affirm.

*Issues on Appeal*

In two appellate issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

*The Evidence at Trial*

Department of Public Safety Trooper Michael Orsini testified at trial. On October 22, 2006, at about 1:43 a.m., he was dispatched to the scene of a possible one-vehicle accident on FM 2563 in Eastland County. As Trooper Orsini drove east on FM 2563 to the scene, he saw appellant walking west along the highway. He stopped his patrol car and talked to appellant. Appellant said that he had gotten his pickup stuck in a ditch when he was attempting to make a U-turn. Trooper Orsini smelled a strong odor of alcohol coming from appellant, and he activated the video camera in his patrol car. The State introduced a DVD copy of the video of Trooper Orsini's encounter with appellant into evidence and played part of the DVD for the jury. That part began at 1:52 a.m. when Trooper Orsini activated his camera and ended at 2:02 a.m. when he placed appellant in handcuffs. We have viewed the DVD, and it is consistent with Trooper Orsini's testimony.

Trooper Orsini gave appellant a ride back to his pickup, which was located about three-fourths of a mile away from where he initially saw appellant walking. Appellant's pickup had

been wrecked and had sustained extensive damage. Trooper Orsini testified that "the front right axle was knocked off, up underneath the undercarriage of the vehicle, and [the] driveshaft was broken." Appellant had hit a culvert and a ditch, and his vehicle had come to rest on top of the roadway. After he smelled alcohol on appellant while appellant was in the patrol car and after he saw the damage to appellant's vehicle, Trooper Orsini began a DWI investigation.

Trooper Orsini testified that "[appellant] had real glassy and red bloodshot eyes," "was kind of slurring his speech a little bit, [and] mumbling." Trooper Orsini performed field sobriety tests on appellant, including an HGN test, a walk-and-turn test, and a one-leg stand test. The DVD shows that Trooper Orsini started the field sobriety tests at about 1:56 a.m. The HGN test revealed all six possible clues of intoxication. Therefore, appellant failed the HGN test. Appellant also failed the walk-and-turn test. The DVD shows that, during the one-leg stand test, appellant stated, "I couldn't do this sober." During Trooper Orsini's testimony, appellant's counsel stipulated that, when Trooper Orsini performed the sobriety tests, "[appellant] certainly was more intoxicated than what the law allows."

After Trooper Orsini completed the field sobriety tests, he asked appellant about the keys to his pickup. Appellant had the keys in his pocket, and he gave them to Trooper Orsini. Trooper Orsini arrested appellant for driving while intoxicated and placed him in handcuffs. Trooper Orsini placed appellant in his patrol car and then drove appellant to the Eastland County jail. At the jail, Trooper Orsini conducted an intoxilyzer test on appellant. The test began at about 2:36 a.m. and was completed at about 2:40 a.m. After the test was completed, Trooper Orsini gave appellant his *Miranda*[1] warnings and then interviewed him. Appellant said that he had been operating a vehicle, that he had started his trip from Carbon at 1:45 a.m., and that his intended destination had been home. Appellant also said that he had consumed six or seven beers and that he had consumed his last beer at 12:30 a.m. Trooper Orsini testified that, in his opinion, appellant "was extremely intoxicated" when appellant was in his presence.

Bob Browder, a forensics chemist with the Department of Public Safety, testified about the results of the intoxilyzer test. He said that the two breath samples taken from appellant showed alcohol concentrations of 0.177 and 0.169. Browder testified that, in his opinion, a person with an alcohol concentration level of 0.177 or 0.169 would have lost the normal use of his mental or physical faculties for the purpose of operating a motor vehicle.

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

3

*Analysis*

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body" or "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(A)-(B) (Vernon 2003).

We note that appellant does not challenge the sufficiency of the evidence to establish that he was driving the pickup when the accident occurred. The evidence supported the conclusion that he was driving the pickup. He told Trooper Orsini that he was driving the pickup, and he had the keys to the pickup in his pocket after the accident.

Appellant concedes in his brief that he was "clearly intoxicated by the time the officer first encountered him on the highway." However, he contends that "there [was] no evidence that he was intoxicated while driving at an earlier time." Appellant relies on a lack of evidence as to the time that the accident occurred. He contends that there was no evidence of his condition at the unknown time of the accident and that, therefore, the evidence was legally and factually insufficient to support his conviction.

Proof of the precise time of an accident or of the defendant's driving is not required to prove the offense of driving while intoxicated. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *Kennemur v. State*, 280 S.W.3d 305, 314 n.8 (Tex. App.—Amarillo 2008, pet. ref'd); *Zavala v. State*, 89 S.W.3d 134, 139 (Tex. App.—Corpus Christi 2002, no pet.). However, the State must present evidence establishing "a temporal link between the defendant's intoxication and his driving." *Kuciemba*, 310 S.W.3d at 462. Thus, there must be proof from which the jury can conclude that, at the time of the driving in question, whenever that may have been, the defendant was intoxicated. *Zavala*, 89 S.W.3d at 139. A conviction for driving while intoxicated can be supported solely by circumstantial evidence. *Kuciemba*, 310 S.W.3d at 462. Being intoxicated at the scene of a traffic accident in which the defendant was the driver is some circumstantial evidence that the defendant's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object. *Id.*

Appellant told Trooper Orsini that he drank six or seven beers and that he had his last beer at 12:30 a.m. Appellant did not believe that he left Carbon until 1:45 a.m. Trooper Orsini

4

was dispatched to the accident scene at about 1:43 a.m. Based on the evidence, the jury could have reasonably concluded that appellant drank six or seven beers before the accident; that he drank his last beer at 12:30 a.m.; that the accident occurred after he drank his last beer; and that the accident occurred, at the latest, about one hour and fifteen minutes after he drank his last beer. Trooper Orsini met appellant at 1:52 a.m. and, within a short period of time, determined that appellant was "extremely intoxicated." Trooper Orsini performed the intoxilyzer test at the jail from about 2:36 a.m. until about 2:40 a.m. The intoxilyzer test results showed that appellant had alcohol concentration levels of 0.177 and 0.169, which more than doubled the legal limit of 0.08. Appellant's high blood alcohol concentration levels supported an inference "that he had been intoxicated for quite a while." *Kuciemba*, 310 S.W.3d at 463. The evidence was sufficient to establish a temporal link between appellant's driving and his intoxication.

The evidence was legally and factually sufficient to establish that appellant operated his pickup while intoxicated.[2] Appellant's issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

September 2, 2010

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]Appellant relies on *Scillitani v. State*, 297 S.W.3d 498 (Tex. App.—Houston [14th Dist.] 2009), *vacated*, No. PD-0069-10, 2010 WL 2606485 (Tex. Crim. App. June 30, 2010) (per curiam). In *Scillitani*, the court of appeals held that the evidence was legally insufficient to support the appellant's conviction for driving while intoxicated. *Id.* at 503. *Scillitani* is factually distinguishable from this case. In addition, the Court of Criminal Appeals recently vacated the judgment of the court of appeals in *Scillitani* and remanded the case to the court of appeals in light of the Court of Criminal Appeals's opinion in *Kuciemba*.

5