NO. 12-10-00368-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KENNETH WAYNE CALIP,                         
§                   APPEAL FROM THE

APPELLANT            

 

V.                                                                      
§                   COUNTY COURT AT LAW

 

THE STATE OF TEXAS,

APPELLEE                                                     
§                   SMITH COUNTY, TEXAS







MEMORANDUM
OPINION

 

Kenneth
Wayne Calip appeals from his conviction for the class B misdemeanor offense of
driving while intoxicated.  In two issues on appeal, Appellant contends that
the trial court erred in denying his motion for directed verdict and the
evidence is insufficient to establish that he operated a motor vehicle while
intoxicated.  We affirm.

 

Background

            Department
of Public Safety Trooper Chad Skidmore was dispatched at 11:30 p.m. on March
25, 2010, to the scene of a one vehicle crash on County Road 429 in Smith
County.  Skidmore found Appellant next to the vehicle, which was registered to
his mother, Virginia Calip.  The only people present at the scene of the crash
when Skidmore arrived were Appellant and emergency personnel.  When Skidmore
asked Appellant what had happened, Appellant stated that another car had run
him off the road.  As Appellant answered his questions, Skidmore smelled a
strong odor of alcohol on his breath.  Skidmore immediately conducted
standardized field sobriety tests including that the horizontal gaze nystagmus
test, the walk and turn test, and the one leg stand test.  He also asked Appellant
to recite the alphabet from “D” to “W.”  All four tests showed Appellant’s loss
of mental and physical faculties.  Skidmore placed Appellant under arrest and
asked him to submit to a Breathalyzer test.  Appellant refused.  Appellant told
Skidmore that if he thought he was drunk, he would have left the scene before
law enforcement arrived.

            Appellant
was charged by information with the misdemeanor offense of driving while
intoxicated.  Appellant pleaded not guilty, and a jury trial was held.  The
jury found Appellant guilty as charged in the information.  Appellant elected
to have the trial court assess his sentence.  The trial court sentenced Appellant
to confinement for 180 days in the Smith County jail and a fine of $750.00. 
This appeal followed.

 

Sufficiency of the Evidence

            Appellant
raises two issues on appeal.  In his first issue, he contends that the trial
court erred in denying his motion for directed verdict.  In his second issue,
Appellant argues that the evidence is legally insufficient to sustain his
conviction.  Because the argument that the trial court should have granted a
motion for a directed verdict presents the same claim as a challenge to the
legal sufficiency of the evidence, we will consider Appellant’s two issues together.
 See Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim.
App. 1996).  

Standard of Review

            In
reviewing the sufficiency of the evidence to support a conviction, we view all
of the evidence in the light most favorable to the prosecution to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Villarreal
v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).  This familiar
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from the basic facts to ultimate facts.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789.  The standard of review on appeal is the same
for both direct and circumstantial evidence cases.  Kuciemba v. State,
310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

Applicable
Law

            A
person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a) (Vernon
2011).  “Intoxicated” is defined as “not having the normal use of mental or
physical faculties by reason of the introduction of alcohol . . . into the
body” or “having an alcohol concentration of 0.08 or more.”  Tex. Penal Code Ann. § 49.01(2)(A), (B)
(Vernon 2011).

            To support
a conviction for driving while intoxicated, there must be a temporal link
between a defendant’s intoxication and his driving.  Kuciemba,
310 S.W.3d at 462.  There must be proof from which the jury can conclude that,
at the time of the driving in question, whenever that may have been, the
defendant was intoxicated.  Hughes v. State, 325 S.W.3d 257, 260
(Tex. App.–Eastland 2010, no pet.).  A conviction can be supported solely by
circumstantial evidence.  Kuciemba, 310 S.W.3d at 462. 
Circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.  Id.

            Being
intoxicated at the scene of a traffic accident in which the actor was a driver
is some circumstantial evidence that the actor’s intoxication caused the
accident.  Id.  A one vehicle crash caused by a driver running
into the ditch could create an even stronger inference that the actor’s
intoxication was the cause.  See Hughes, 325 S.W.3d at 260.

            A
person’s refusal to take a breath test is admissible at trial.  See Tex. Transp. Code Ann. § 724.061
(Vernon 2011).  A jury may infer guilt from a driver’s refusal to submit to a
breath test.  See Findley v. State, 809 S.W.2d 909, 913 (Tex.
App.–Houston [14th Dist.] 1991, pet. ref’d).

Analysis

            Appellant
argues that the State failed to establish that he was driving the crashed
vehicle and failed to establish the approximate time of the wreck.  He further
contends that even if the State’s evidence identified him as the driver of the
vehicle, it still failed to show that he was intoxicated at the time he was
driving.  Appellant thus contends that the State failed to establish the basic
elements of the misdemeanor offense of driving while intoxicated.

            While
it is true that there was no direct testimony in the record to establish that
Appellant was driving the vehicle when it crashed, there is certainly
circumstantial evidence in the record to infer that he was.  First, he told
Trooper Skidmore that the car went into the ditch when he swerved to miss
another vehicle.  Second, Appellant was the only person near the crashed
vehicle other than emergency personnel when Skidmore arrived on the scene. 
Third, Appellant told Skidmore that he would have left the scene if he had
thought he was drunk.  Fourth, the vehicle was registered to an individual with
the same last name of Appellant.  When considering all of this evidence
together, especially with Appellant’s statements about the wreck that implied
he was driving, it was reasonable for the jury to conclude that Appellant was
the driver of the vehicle when it crashed.

            Appellant
also argues that the evidence does not show that he was intoxicated at the time
he operated the vehicle.  Appellant bases this argument on a series of
questions posed to Trooper Skidmore at trial.  Skidmore forthrightly admitted
that he did not “know who was operating that car.”  He also testified that he
did not know when the car went into the ditch, and he agreed with defense
counsel’s statement that the only statement he could make about Appellant’s
level of intoxication was that he was intoxicated at the time of the
investigation.  

            The
trooper’s testimony is not a statement, however, that Appellant was not guilty
of the offense.  He related his role in this kind of investigation in a
straightforward way.  He was dispatched to a wreck, and he arrived and found
Appellant.  Indications were that Appellant was the driver, and the officer
determined that he was intoxicated.  The jury, after viewing his testimony and
watching a video of his encounter with Appellant, agreed with the trooper’s
conclusion that Appellant was intoxicated.  They also came to the common sense
conclusion that he had been intoxicated when he drove the vehicle.  This
conclusion is buttressed by the fact that there were no alcoholic beverages found
in the car and by Appellant’s statement that he would have left the scene if he
had been intoxicated.  The jury did not have to believe Appellant’s statement
that he was sober.  And his statement about leaving the scene does not make
sense if he became intoxicated after the wreck or had been waiting at the scene
of the wreck for a long period of time for help to arrive.  Everything about
the sequence of events suggests that the car wreck occurred shortly before the
trooper arrived.  Accordingly, the jury’s conclusion that there was a temporal
link between Appellant’s intoxication and his driving is reasonable.  See Kuciemba,
310 S.W.3d at 462. 

            After
reviewing all of the evidence, we hold that the evidence, together with
reasonable inferences therefrom, is legally sufficient to show that Appellant
was operating the crashed vehicle while intoxicated.  Issues one and two are
overruled.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the trial court.

James T.
Worthen

                                                                              
                          Chief Justice

Opinion delivered August 3, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO
NOT PUBLISH)