# NO. 12-10-00368-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH WAYNE CALIP,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kenneth Wayne Calip appeals from his conviction for the class B misdemeanor offense of driving while intoxicated. In two issues on appeal, Appellant contends that the trial court erred in denying his motion for directed verdict and the evidence is insufficient to establish that he operated a motor vehicle while intoxicated. We affirm.

### BACKGROUND

Department of Public Safety Trooper Chad Skidmore was dispatched at 11:30 p.m. on March 25, 2010, to the scene of a one vehicle crash on County Road 429 in Smith County. Skidmore found Appellant next to the vehicle, which was registered to his mother, Virginia Calip. The only people present at the scene of the crash when Skidmore arrived were Appellant and emergency personnel. When Skidmore asked Appellant what had happened, Appellant stated that another car had run him off the road. As Appellant answered his questions, Skidmore smelled a strong odor of alcohol on his breath. Skidmore immediately conducted standardized field sobriety tests including that the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. He also asked Appellant to recite the alphabet from "D" to "W." All four tests showed Appellant's loss of mental and physical faculties. Skidmore placed Appellant under arrest and asked him to submit to a Breathalyzer test. Appellant refused. Appellant told

Skidmore that if he thought he was drunk, he would have left the scene before law enforcement arrived.

Appellant was charged by information with the misdemeanor offense of driving while intoxicated. Appellant pleaded not guilty, and a jury trial was held. The jury found Appellant guilty as charged in the information. Appellant elected to have the trial court assess his sentence. The trial court sentenced Appellant to confinement for 180 days in the Smith County jail and a fine of $750.00. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

Appellant raises two issues on appeal. In his first issue, he contends that the trial court erred in denying his motion for directed verdict. In his second issue, Appellant argues that the evidence is legally insufficient to sustain his conviction. Because the argument that the trial court should have granted a motion for a directed verdict presents the same claim as a challenge to the legal sufficiency of the evidence, we will consider Appellant's two issues together. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

### Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. The standard of review on appeal is the same for both direct and circumstantial evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

### Applicable Law

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2011). "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body" or "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (Vernon 2011).

To support a conviction for driving while intoxicated, there must be a temporal link between a defendant's intoxication and his driving. *Kuciemba*, 310 S.W.3d at 462. There must be proof from which the jury can conclude that, at the time of the driving in question, whenever that may have been, the defendant was intoxicated. *Hughes v. State*, 325 S.W.3d 257, 260 (Tex. App.–Eastland 2010, no pet.). A conviction can be supported solely by circumstantial evidence. *Kuciemba*, 310 S.W.3d at 462. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Id*.

Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident. *Id*. A one vehicle crash caused by a driver running into the ditch could create an even stronger inference that the actor's intoxication was the cause. *See Hughes*, 325 S.W.3d at 260.

A person's refusal to take a breath test is admissible at trial. *See* TEX. TRANSP. CODE ANN. § 724.061 (Vernon 2011). A jury may infer guilt from a driver's refusal to submit to a breath test. *See Findley v. State*, 809 S.W.2d 909, 913 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd).

## Analysis

Appellant argues that the State failed to establish that he was driving the crashed vehicle and failed to establish the approximate time of the wreck. He further contends that even if the State's evidence identified him as the driver of the vehicle, it still failed to show that he was intoxicated at the time he was driving. Appellant thus contends that the State failed to establish the basic elements of the misdemeanor offense of driving while intoxicated.

While it is true that there was no direct testimony in the record to establish that Appellant was driving the vehicle when it crashed, there is certainly circumstantial evidence in the record to infer that he was. First, he told Trooper Skidmore that the car went into the ditch when he swerved to miss another vehicle. Second, Appellant was the only person near the crashed vehicle other than emergency personnel when Skidmore arrived on the scene. Third, Appellant told Skidmore that he would have left the scene if he had thought he was drunk. Fourth, the vehicle was registered to an individual with the same last name of Appellant. When considering all of this evidence together, especially with Appellant's statements about the wreck that implied he was driving, it was reasonable for the jury to conclude that Appellant was the driver of the vehicle when it crashed.

Appellant also argues that the evidence does not show that he was intoxicated at the time he operated the vehicle. Appellant bases this argument on a series of questions posed to Trooper Skidmore at trial. Skidmore forthrightly admitted that he did not "know who was operating that car." He also testified that he did not know when the car went into the ditch, and he agreed with defense counsel's statement that the only statement he could make about Appellant's level of intoxication was that he was intoxicated at the time of the investigation.

The trooper's testimony is not a statement, however, that Appellant was not guilty of the offense. He related his role in this kind of investigation in a straightforward way. He was dispatched to a wreck, and he arrived and found Appellant. Indications were that Appellant was the driver, and the officer determined that he was intoxicated. The jury, after viewing his testimony and watching a video of his encounter with Appellant, agreed with the trooper's conclusion that Appellant was intoxicated. They also came to the common sense conclusion that he had been intoxicated when he drove the vehicle. This conclusion is buttressed by the fact that there were no alcoholic beverages found in the car and by Appellant's statement that he would have left the scene if he had been intoxicated. The jury did not have to believe Appellant's statement that he was sober. And his statement about leaving the scene does not make sense if he became intoxicated after the wreck or had been waiting at the scene of the wreck for a long period of time for help to arrive. Everything about the sequence of events suggests that the car wreck occurred shortly before the trooper arrived. Accordingly, the jury's conclusion that there was a temporal link between Appellant's intoxication and his driving is reasonable. *See Kuciemba*, 310 S.W.3d at 462.

After reviewing all of the evidence, we hold that the evidence, together with reasonable inferences therefrom, is legally sufficient to show that Appellant was operating the crashed vehicle while intoxicated. Issues one and two are overruled.

## DISPOSITION

Having overruled Appellant's two issues, we affirm the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 3, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)