**Affirm and Opinion Filed June 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01347-CR

### RICHARD EARL BIGGS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2
Kaufman County, Texas
Trial Court Cause No. 11CL-0993-2**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

A jury convicted Richard Earl Biggs of driving while intoxicated, second offense (DWI). The trial court assessed punishment at 365 days' confinement in jail and a $2,000 fine. In a single issue, appellant contends the evidence is legally insufficient to support the conviction. We affirm the trial court's judgment.

Jamie Liptak testified that on December 3, 2010, she saw a vehicle swerving in the road. Liptak saw at least two or three near misses between the vehicle and other cars or the guardrail. Liptak called 911 and reported a reckless driver, and then got in front of the swerving vehicle. A patrol car arrived and pulled over the swerving vehicle.

Kaufman police sergeant Tommy Black testified he was dispatched on a reckless driver call. Black saw a swerving vehicle moving simultaneously on the right shoulder and in the right lane on eastbound Highway 175. When Black pulled the vehicle over, appellant was in the driver's seat. Black testified appellant's eyes were glassy, his speech was slow, and appellant could not concentrate when Black talked to him. A state trooper arrived on the scene and began a DWI investigation. During a search of appellant's vehicle, Black found a prescription bottle for hydrocodone with appellant's name on it. The prescription for thirty pills had been filled on the same day, December 3, 2010, but there were only four pills left in the bottle. Instructions on the bottle said to take one pill every six hours. Black testified appellant could not remember specifically how many pills he had taken. Appellant admitted taking varying numbers of hydrocodone pills that day, including a sleeping pill. Black testified he believed appellant had lost the normal use of his mental and physical faculties due to having taken the prescription drugs.

Texas State Trooper Jacob Farley testified he arrived at the scene as appellant was getting out of the vehicle. Appellant appeared disorganized; his hair was not combed; his movements were sluggish; his speech was "very slurred;" and his eyes were "very droopy and glassy." Appellant told Farley that he had driven onto the shoulder of the road because he was "arguing with his boss and his daughter on his cell phone by using the text messaging." Appellant said he had prescriptions for a muscle relaxer and for hydrocodone. Farley testified that after Black searched appellant's vehicle and found the prescription bottle for hydrocodone, Farley asked appellant why there were only four pills in the bottle when the prescription had been filled that same day for thirty pills. Appellant responded that he sometimes stays with a cousin in Dallas and he had left some of the pills at the cousin's house. When Farley asked when appellant had

taken the pills and how many he had taken, appellant gave varying answers, the lowest number being four pills within a twelve-hour period of time.

Farley testified appellant said his disorientation and memory lapses were due to a stroke, and appellant could not remember if the stroke had occurred in October or November. Farley, who is certified to administer field sobriety tests, asked appellant to perform the horizontal gaze nystagmus (HGN) test, but decided not to administer any type of balancing test because appellant stated he had previously had a stroke. After appellant exhibited six out of six clues on the HGN, Farley believed appellant had lost the normal use of his mental and physical faculties due to taking prescription drugs. Farley arrested appellant for DWI and transported him to a hospital to obtain a blood sample. A videotape from Farley's patrol car camera was admitted into evidence and played to the jury.

Eduardo Padilla, a forensic scientist for the Texas Department of Public Safety Crime Laboratory in Austin, testified as an expert concerning therapeutic drug levels and the general effects on persons. Padilla testified that an analysis of appellant's blood sample showed it contained four drugs: (1) alprazolam (brand name Xanax) at 0.043 mg. per liter of blood; (2) hydrocodone (brand name Lortab or Vicodin) at 0.12 mg. per liter of blood; (3) carisoprodol (brand name Soma, a muscle relaxant) at 2.6 mg. per liter of blood; and (4) meprobamate (a breakdown product of Soma) at 4.6 mg. per liter of blood. Padilla testified that even though the drugs were individually within their therapeutic ranges, when combined there may be impairing effects because each drug is a central nervous system depressant. Padilla testified symptoms of impairment may include drowsiness, slurred speech, confusion, and lack of motor coordination. Padilla testified there are warnings given about taking more than one of these drugs simultaneously because they can produce an "additive effect, meaning the overall effect is

greater than the individual effect of each drug." Padilla testified a person can build a tolerance to the side effects of these drugs, and that while he was testifying about the general effects of the drugs on persons, he was not testifying how the drugs affected a specific individual.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant was intoxicated while operating a motor vehicle in a public place and he had a prior DWI conviction. *See* TEX. PENAL CODE ANN. § 49.04(a), 49.09(a) (West Supp. 2012); *see also Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of those substances or any other substance into the body. *See id*. § 49.01(2). It is the jury's function to resolve any conflicts in the evidence, and the jury is free to accept or reject any and all of the evidence presented by either side. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

Appellant does not dispute that he has a prior DWI conviction. His contends only that the evidence is legally insufficient to prove he was intoxicated while operating a motor vehicle in a public place. Appellant asserts that because Padilla could not say what effect the drug

combination found in his blood sample would have and that the medications found in the blood sample were below "therapeutic levels," the evidence is insufficient to support the conviction. The State responds the evidence is legally sufficient to prove appellant's guilt.

Liptak saw appellant driving his vehicle recklessly and called 911. In response to her call, Black observed appellant driving recklessly on the road, and he initiated a traffic stop. Both Black and Farley observed that appellant had glassy eyes, seemed disoriented and confused, and had slurred speech. Appellant admitted taking prescription drugs earlier. However, when asked how many and when, appellant stated varying times and quantities. Both officers concluded appellant had lost the normal use of his mental and physical faculties due to ingesting prescription drugs. Although Padilla testified he could not specifically state what effects the drugs would have on a specific individual, he did testify that the combined effects of the drugs could produce impairments such as disorientation, confusion, and slurred speech.

Viewing the evidence under the proper standard, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant operated a motor vehicle in a public place while intoxicated. Thus, the evidence is sufficient to sustain the conviction for DWI. *See Kuciemba v. State*, 310 S.W.3d 460, 462–63 (Tex. Crim. App. 2010). We overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121347F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD EARL BIGGS, Appellant

No. 05-12-01347-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law
No. 2 of Kaufman County, Texas
(Tr.Ct.No. 11CL-0993-2).
Opinion delivered by Chief Justice Wright,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 5, 2013

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE