

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00175-CR

ROBERT HENDRICKSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Robert Hendrickson of misdemeanor driving while intoxicated (DWI) with a breath-alcohol concentration (BAC) above .15.[2] The trial court sentenced him to sixty days' confinement, probated for twelve months, and a fine of $600. In two issues, Appellant argues that the trial court

---

[1]See Tex. R. App. P. 47.4.

[2]Tex. Penal Code Ann. § 49.04(d) (West Supp. 2013).

committed constitutional error by denying his motion to suppress and that the evidence was insufficient to support his conviction. Because the trial court did not err by denying Appellant's motion to suppress and the evidence was sufficient to support his DWI conviction, we affirm the trial court's judgment.

**Summary of the Facts**

On March 26, 2011, at about 2:25 a.m., Officer Justin Crow, a police officer with the Wichita Falls Police Department, was dispatched to a car wreck involving a red Jeep and a signpost at the intersection of Maplewood and Southwest Parkway. At the scene, he encountered Appellant, who admitted that he had been driving the Jeep and that he had been drinking alcohol earlier. Officer Crow opined that the collision had just occurred and testified that Appellant smelled of alcohol and that his eyes were "kind of bloodshot as he was sitting." There was no evidence that anyone touched the hood of the car to determine its temperature. Officer Crow testified that Appellant initially said that a big, black four-door Ford sedan had cut him off; later Appellant told Officer Crow that the black car had been a Toyota. Officer Crow attributed the crash to speed and alcohol. He denied seeing skid marks. Officer Crow conceded, however, that Appellant was polite, complied with all his requests, did not try to fight the officers, did not fall down or vomit, and did not have slurred speech.

Officer Tony Ozuna, a Wichita Falls police officer with sixteen years' experience, was on the scene to perform field sobriety tests. He overheard Appellant telling Officer Crow that he had been cut off by another vehicle. Officer

2

Ozuna performed the various field sobriety tests, recording them with his in-car video, and concluded that Appellant was intoxicated.

Appellant was transported to the Wichita County jail, where his DIC-24 statutory warnings were read aloud to him.[3]  DPS Trooper John Horton administered the Intoxilyzer test to Appellant.  The trial court admitted a video recording taken of Appellant during this period of time, and the jury viewed it.  Trooper Horton testified that in his opinion, Appellant was intoxicated when Horton saw him in the county jail.  But Officer Ozuna conceded that the video reflected that Appellant did not noticeably sway.  Additionally, Officer Ozuna testified that Appellant did not stumble or fall in the Intoxilyzer room and did not vomit or urinate on himself.

Two breath samples were taken from Appellant, the first at 3:42 a.m. and the second at 3:45 a.m.  (The State notes that the time reflected on the Intoxilyzer video is off by one hour.)  The test results show BACs of .189 and .194, respectively.  The trial court also admitted the following testimony on extrapolation that the State offered without objection:

> Q.    And keeping that in mind, if you learned that an individual had a breath alcohol concentration of .189, would it be possible for that individual to have a blood alcohol concentration of less than .08 a little over an hour before?
>
> A.    No.

---

[3]*See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2013).

**Sufficiency of the Evidence**

In his second issue, Appellant argues that the evidence is insufficient to show that he was operating the vehicle while he was intoxicated. He argues that evidence that he was intoxicated at some point after the wreck is not evidence that he was intoxicated while he was driving the vehicle. That is, he argues that "the State presented no evidence at trial to establish when [his] accident occurred or when [he] actually drove the vehicle."

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5] The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.[6]

---

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

[5]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

[6]*Winfrey*, 393 S.W.3d at 771; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The issue before us, in light of Appellant's admission that he was the driver of the Jeep, is whether the State established the necessary nexus between Appellant's intoxication and his operating the vehicle. "'Intoxicated' means . . . not having the normal use of [one's] mental or physical faculties by reason of the introduction of alcohol, . . . or . . . having an alcohol concentration of 0.08 or more."[7]

Officer Crow testified without objection that in his opinion, the wreck had occurred just before he arrived on the scene. He also testified without objection that in his opinion, when he arrived on the scene, Appellant was intoxicated. No alcohol was found at the scene, and Appellant admitted to drinking "a few drinks" earlier. Officer Ozuna also testified that in his opinion, Appellant was intoxicated at the scene of the wreck.

Both Appellant and the State discuss *Kuciemba v. State*, a 2010 opinion from the Texas Court of Criminal Appeals.[8] The *Kuciemba* court stated, "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident."[9] The Court noted that a conviction can be supported by circumstantial evidence alone: "[T]he inference of causation is even stronger when the accident is a one-

---

[7]Tex. Penal Code Ann. § 49.01(2) (West 2011).

[8]310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

[9]*Id.*

car collision with an inanimate object."[10]  And "a driver's failure to brake also provides some evidence that the accident was caused by intoxication."[11]

In the case before us, the Jeep collided with a signpost, and Officer Crow observed no skid marks.  Appellant's high BAC at approximately an hour and a half after the wreck and the absence of any evidence of alcohol at the scene provide additional support for the jury's verdict.

Considering all the evidence, and applying the appropriate standard of review, we hold the evidence sufficient to support the jury's DWI verdict.  We overrule Appellant's second issue.

**Denial of Motion to Suppress**

In his first issue, Appellant argues that the fruits of his arrest, including the BAC results, were inadmissible because the arresting officers had no warrant and lacked probable cause to believe that he had committed DWI, since no evidence showed a temporal link between his driving and his intoxication, or a breach of the peace.  A warrantless arrest without probable cause is illegal, and the lack of probable cause cannot be cured by bolstering the arrest with evidentiary fruits illegally seized.[12]  But the officers testified that Appellant was

---

[10]*Id.*

[11]*Id.* at 463 (citations omitted).

[12]*Wilson v. State*, 621 S.W.2d 799, 804 (Tex. Crim. App. [Panel Op.] 1981).

intoxicated in a public place when they arrested him. Consequently, Appellant committed the offense of public intoxication in the presence of the officers.[13] It is well established that "when there is sufficient evidence to support a finding of probable cause to arrest a person for the offense of public intoxication committed in the officer's presence, the arrest is not invalid just because the officer labels the offense 'driving while intoxicated.'"[14]

Because the trial court did not err by overruling Appellant's motion to suppress, we overrule his first issue.

**Conclusion**

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 8, 2014

---

[13]*See* Tex. Penal Code Ann. § 49.02(a) (West 2011).

[14]*Jones v. State*, 949 S.W.2d 509, 515–16 (Tex. App.—Fort Worth 1997, no pet.).