# NO. 12-19-00018-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL EDWARD FRATER,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Michael Edward Frater appeals his conviction for driving while intoxicated, third or more. In a single issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

Texas Department of Public Safety Trooper David Anthony was dispatched on May 21, 2018, to a single-car accident on County Road 46 in Smith County, Texas. When he arrived on the scene twenty-five minutes later, Appellant was the only person present. Anthony noted that Appellant was standing near the vehicle and appeared intoxicated, having difficulty standing and communicating clearly. As a result, Anthony conducted the horizontal gaze nystagmus test, a field sobriety test, and observed all six indications of intoxication. Appellant consented to a breathalyzer test, which registered 0.268. Anthony placed Appellant under arrest for driving while intoxicated.

Appellant was charged by indictment with driving while intoxicated, third or more. Appellant pleaded "not guilty," and the matter proceeded to a bench trial. Ultimately, the trial court found Appellant "guilty" as charged and sentenced him to twelve years confinement. This appeal followed.

In his sole issue, Appellant contends the evidence is legally insufficient to support his conviction. Specifically, he urges the evidence does not support the finding that he operated the vehicle while intoxicated.

**Standard of Review and Applicable Law**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a

conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

"A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2020). The offense of driving while intoxicated is a third-degree felony if it is shown that the person has been previously convicted two times of any other offense related to the operation of a motor vehicle while intoxicated. *Id.* § 49.09(b) (West Supp. 2020).

To support a conviction for driving while intoxicated, there must be a temporal link between a defendant's intoxication and his driving. *Kuciemba v. State,* 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). There must be proof from which the fact finder can conclude that, at the time of the driving in question, whenever that may have been, the defendant was intoxicated. *Hughes v. State,* 325 S.W.3d 257, 260 (Tex. App.—Eastland 2010, no pet.). A conviction can be supported solely by circumstantial evidence. *Kuciemba,* 310 S.W.3d at 462. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Id.* Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident. *Id.*

**Analysis**

Appellant urges that the evidence is insufficient to establish that he operated the vehicle while intoxicated. Specifically, he contends that the State failed to establish a "temporal link" between his driving and intoxication. Appellant concedes that he was intoxicated on the day of the accident and that he was the driver of the vehicle. However, he argues that the State failed to prove that both events occurred at the same time.

Trooper Anthony testified that he was dispatched to a single-vehicle accident on May 21, 2018, on County Road 46 in Smith County. When he arrived, it appeared to him that the vehicle "drove off the road farther back, skidded, and ended up in the – the front part of the vehicle in a

ditch." The only individual present at the scene was Appellant who was "in the trunk of his car . . . moving stuff around." Trooper Anthony testified that Appellant had trouble communicating and difficulty standing. Appellant had also urinated in his pants. According to Trooper Anthony, Appellant appeared "highly intoxicated." Trooper Anthony attempted field sobriety tests on Appellant; however, he was only able to conduct limited tests due to the level of Appellant's intoxication. He conducted the horizontal gaze nystagmus test and observed all six clues of intoxication. Appellant consented to the portable breath test, which registered 0.268. Trooper Anthony's dash-cam video corroborated his testimony, was admitted into evidence, and was played for the trial court.

Trooper Anthony further testified that it took him approximately twenty-five minutes to arrive on scene after being dispatched. And although he did not observe Appellant driving the vehicle, Trooper Anthony believed Appellant did not become intoxicated following the accident. He testified that there was no alcohol in the vehicle and there were no empty bottles in or around the vehicle. Trooper Anthony testified that he did not observe Appellant operating the vehicle, but he further testified as follows:

> Q. So what, to you, gave you enough cause to believe that the defendant was the one who actually operated that motor vehicle into the ditch?
>
> A. From the get-go, he -- he was the only one there when I arrived. The seat fit him. He was, pretty much, the tallest one there. You see him sit down several times in there. He kept reaching for his cigarettes that was in there. He had also urinated in his pants. And the car's driver's seat had urine on it. Also, with the interview, his statements, he stated that he had been driving and that, you know, he had drove into the ditch. And when the -- the lady with the red outfit showed up, he told her, "I don't know. I just drove into the ditch," or something to that effect. It was a little bit further back when I heard it on the audio.

And when asked why he believed Appellant must have been intoxicated before he drove the vehicle, Trooper Anthony responded:

> The -- when we get -- when somebody calls 911, they dispatch it immediately. We get there. There -- at his level of intoxication, he could not have drove earlier, had that wreck, and gotten that drunk that quick.

Based on these observations and his experience, Trooper Anthony opined that Appellant had indeed driven the vehicle while intoxicated.

It is true that there was no direct testimony in the record to establish the time of the accident. But there is circumstantial evidence from which a fact finder could infer that the accident occurred in close proximity to the time that Trooper Anthony questioned Appellant. The record indicates that Trooper Anthony was dispatched to a wreck where, upon arrival, he discovered Appellant. No other person was present at the scene with Appellant. And Trooper Anthony testified that he arrived on scene as quickly as he could after being dispatched, which took approximately twenty-five minutes.

Similarly, there is sufficient evidence to establish that Appellant was intoxicated at the time he was operating the vehicle. Trooper Anthony testified that he determined Appellant was intoxicated. The record reflects that Appellant showed signs of intoxication, including difficulty standing and speaking. The record also reflects that no alcoholic beverages were present at the scene. Appellant had urinated in his pants and Trooper Anthony observed urine in the driver's seat. The trial court, as fact finder, after considering Trooper Anthony's testimony and watching a video of his encounter with Appellant, agreed with Trooper Anthony regarding Appellant's intoxication. Further still, the trial court concluded that Appellant had been intoxicated when he operated the vehicle. Based on our review of the evidence, we conclude that the trial court could have reasonably found, beyond a reasonable doubt, a temporal link between Appellant's intoxication and his driving. *See **Kuciemba***, 310 S.W.3d at 462. Accordingly, we hold that the evidence is sufficient to support that Appellant was operating a motor vehicle while intoxicated. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2020**

**NO. 12-19-00018-CR**

**MICHAEL EDWARD FRATER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0916-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*