

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00051-CR
_____

RODOLFO ALCORTA CURIEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 8002, Honorable John A. Didway, Presiding

January 16, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1]  Following a plea of not guilty, Appellant, Rodolfo Alcorta Curiel, was convicted by a jury of driving while intoxicated, third or more,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

enhanced by two prior felonies for robbery and assault on a public servant.[2]  Punishment was assessed by the trial court at confinement for thirty years and a fine of $100.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the records support that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[3]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a response.

---

[2] TEX. PENAL CODE ANN. § 49.09(2)(b) (third degree felony); § 12.42 (d) (elevating punishment with two prior felonies to a term of not more than ninety-nine years or less than twenty-five).

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

**ANALYSIS**

The State was required to prove that Appellant was operating a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a). A person is considered "intoxicated" if the person: (1) does not have the "normal use of his mental or physical faculties by reason of the introduction of alcohol . . . into the body" or (2) has a blood alcohol concentration of 0.08 or more. *Id*. at § 49.01(2). Being intoxicated at the scene of an accident in which the suspect is the driver is circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-vehicle collision with an inanimate object. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *Espinoza v. State*, No. 07-23-00255-CR, 2023 Tex. App. LEXIS 8664, at *3 (Tex. App.—Amarillo Nov. 16, 2023, no pet.) (mem. op., not designated for publication) (noting offense may be supported by circumstantial evidence if there is a temporal link between an accused's intoxication and his driving).

By the *Anders* brief, counsel evaluates the proceedings and analyzes the chain of custody of Appellant's blood draw and the sufficiency of the evidence. He candidly concedes the appeal is frivolous.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal

3

of Appellant's conviction.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.

4