

NUMBER 13-10-00105-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MICHELLE RAMIREZ A/K/A
MICHELLE PUENTES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

On appeal from the 36th District Court
of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Michelle Ramirez a/k/a Michelle Puentes challenges her conviction by a

jury for theft, a state jail felony, for which she was sentenced to fourteen months'

incarceration and assessed a $1000 fine.   TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West

Supp. 2010).   The sole issue before this Court is whether the evidence presented at trial

was sufficient to support the jury's verdict.   We affirm.

## I. BACKGROUND

In August 2009, Ramirez was found at the Wal-Mart in Portland, Texas, in possession of several items she had not purchased.   She was indicted as follows:

> On or about the 3rd day of August, A.D. 2009 . . . , [Ramirez] did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit:   a handbag, cosmetics, and shoes, of the total value of less than $1,500, from Israel Chapa, the owner thereof,[1] with intent to deprive said owner of said property.

Ramirez pleaded not guilty to the offense, and her case was tried to a jury.   At the close of evidence, the jury was charged on theft and returned a guilty verdict.   The trial court sentenced Ramirez to fourteen months' confinement in the State Jail Division of the Texas Department of Criminal Justice and assessed a $1000 fine.   This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Ramirez challenges both the legal and factual sufficiency of the evidence presented against her; however, the Texas Court of Criminal Appeals's 2010 *Brooks v. State* opinion abolishes this distinction.   323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The Court of Criminal Appeals held that "the *Jackson v. Virginia* legal sufficiency standard is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove

---

[1] "Although the name of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person (or entity) alleged in the indictment as the owner is the same person (or entity)—regardless of the name—as shown by the evidence." *Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011).   In this case, the State proved that Israel Chapa was an employee of Wal-Mart and had a greater right of possession to the stolen items than did Ramirez.   The Texas Court of Criminal Appeals has further noted that although the traditional practice in indictments has been to list the name of an agent who worked for a corporation, it is now acceptable, and sometimes preferable, to list the actual corporation's name.   *Id.*   Here, however, Ramirez does not challenge the language of the indictment or otherwise complain that the State alleged the wrong owner or failed to prove that the alleged owner was the person deprived of the property, so we do not address this circumstance in this case.

beyond a reasonable doubt." *Id.* In light of the *Brooks* holding, this Court will only conduct a legal sufficiency review.

When reviewing legal sufficiency, the court must ask itself "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" and not whether *it* believes the evidence establishes the verdict beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). "[T]he jury is the sole judge of a witness's credibility[] and the weight to be given the testimony." *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). The reviewing court should not act as a thirteenth juror that substitutes its own opinion of the credibility and weight of the evidence for that of the fact finder's. *See Brooks*, 323 S.W.3d at 905. Instead, the reviewing court must "resolve inconsistencies in testimony in favor of the verdict" and then ask whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To measure legal sufficiency, we use the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* at 327. "A person commits an offense [of theft] if he unlawfully appropriates property with the intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a).

3

It is not necessary that the evidence directly prove the defendant's guilt; "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). A fact finder may support its verdict with reasonable inferences drawn from the evidence, and it is up to the fact finder to decide which inference is most reasonable. *Laster v. State*, 275 S.W.3d 512, 523 (Tex. Crim. App. 2009).

### III. THE EVIDENCE

The State began its case by calling Israel Chapa, the loss prevention officer for the Wal-Mart store at the time of the theft. Chapa testified that he noticed Ramirez entering the store and identified her as "a lady [he had] dealt with in the past." Chapa then followed and observed Ramirez while she was in the store. Chapa saw Ramirez select a brown purse from the rack and place the purse in her shopping cart. Next, Chapa saw Ramirez select several CDs from the electronics department and several pairs of shoes and a pair of sandals from the shoe department. After gathering these items, Ramirez then took the CDs to the clearance section of the Wal-Mart store. There, Chapa watched as Ramirez removed the cellophane wrapping from the CDs and opened the cases.

Chapa then testified that Ramirez proceeded to the self-checkout counter where she purchased some of the items from her cart. As Ramirez purchased items and placed the bagged items in her cart, Chapa saw that Ramirez's child, who was by the cart, placed unpurchased pairs of shoes into the bags of goods Ramirez previously purchased.

4

Chapa testified that when Ramirez was brought to his office, he found that Ramirez had two pairs of shoes and one pair of sandals that were unpurchased. He also found the brown purse he had seen Ramirez select from the rack, which contained two open CDs and several cosmetic products, also unpurchased. According to Chapa, Ramirez had over $150 of unpurchased goods in her cart.

On cross-examination, Chapa testified that Ramirez was alone in different parts of the store. Chapa further stated that he never saw Ramirez personally conceal any of the items and that he could not hear Ramirez tell her child to place the shoes and sandals into the bags of purchased goods.

During Chapa's testimony, the State also offered the DVD of the store security camera footage into evidence. The trial court admitted the DVD as State's Exhibit One. The footage did not show Ramirez or her child concealing any goods. However, the footage clearly shows that neither Ramirez nor any of her companions entered the store with a purse.

Next, the State called Michelle Quade, a police officer with the City of Portland Police Department who responded to the store security's call. Officer Quade testified that upon her arrival, she noticed another woman named "Ms. Chapa," who had been with Ramirez but had left the Wal-Mart separately, in a car in front of the store. "Ms. Chapa" talked on a cell phone and drove from one parking space to another but did not leave the parking lot.

After talking with loss prevention officer Chapa, Officer Quade escorted both "Ms. Chapa" and Ramirez to the loss prevention office. At first, Ramirez denied having the

5

receipt for the goods she purchased at the self-checkout. However, shortly thereafter, Ramirez produced the receipt. Next, Officer Quade asked Ramirez for identification, which she did not have on her person. Officer Quade then asked Ramirez if the brown purse in the cart belonged to her and whether it contained any identification. At first, Ramirez said the purse was hers but then said that the purse belonged to "Ms. Chapa." Officer Quade then asked "Ms. Chapa" if the purse belonged to her and whether she could search the purse; "Ms. Chapa" responded affirmatively to both questions. When Officer Quade searched the purse, she found brown packaging paper, two CDs, and several cosmetic items. Ramirez then stated that the purse was hers and that she and "Ms. Chapa" found the purse in front of the store. Ramirez also told Officer Quade that both she and "Ms. Chapa" decided that the purse was probably stolen and that they would keep the purse instead of returning it.

## IV. DISCUSSION

By her sole issue on appeal, Ramirez argues that the evidence was insufficient to support her conviction. First, Ramirez argues that loss prevention officer Chapa's testimony did not amount to direct evidence that Ramirez concealed either the shoes in the bags of purchased goods or the CDs and cosmetics in the purse. However, circumstantial evidence alone can establish guilt. *See Hooper*, 214 S.W.3d at 13. The jury here could have reasonably inferred from Chapa's testimony, Officer Quade's testimony, and the store security DVD that Ramirez took the goods and had the intent to deprive the store of those goods: Ramirez selected the shoes, selected the purse, and opened the CDs; Ramirez checked out in the self-checkout line and did not scan or pay

6

for the shoes, purse, or CDs; Ramirez claimed that she found the purse outside of the store even though the store security DVD shows that she entered the store without a purse; and the quantity of goods taken was substantial. *See Laster*, 275 S.W.3d at 523.

Second, Ramirez argues that Chapa's testimony was not credible because he could not remember "key events" from that day. However, the credibility of a witness's testimony is a question for the fact finder and not for this Court. *See Lancon*, 253 S.W.3d at 707. The jury evidently believed Chapa was a credible witness, and this Court cannot substitute its own beliefs about the witness's credibility for that of the jury. *See Brooks*, 323 S.W.3d at 905.

Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have rationally found that Ramirez unlawfully appropriated property with the intent to deprive the owner of that property. *See* TEX. PENAL CODE ANN. § 31.03(a). The evidence was therefore sufficient to support her conviction. *See Jackson*, 443 U.S. at 318-19. Ramirez's sole issue is overruled.

## V. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of June, 2011.

7