



# MEMORANDUM OPINION

No. 04-10-00722-CR

Ray Martin **RUIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Gillespie County, Texas
Trial Court No. CC14411
Honorable Mark Stroeher, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  September 14, 2011

AFFIRMED

Ray Martin Ruiz appeals his conviction for driving while intoxicated, asserting the evidence is legally and factually insufficient to support the jury's verdict.  We affirm the judgment of the trial court.

## BACKGROUND

At approximately 9:00 p.m. on August 21, 2009, Lucia Reza called 911 in tears to report an erratic driver. She observed the vehicle headed towards her car and was afraid it would hit her. Reza saw the vehicle hit a dip and come to a stop.

At the same time, Christopher Ballard heard an accident occur in front of his house. When Ballard went outside to investigate, he saw a man standing outside his vehicle. The man said he crashed after trying to avoid hitting a deer. Ballard often hears screeching tires in front of his house because there are a lot of deer in the area. Ballard stated the driver hit his culvert and the driver's truck landed on his driveway so that both tires were on opposite sides of the driveway. Ballard observed a small empty tequila bottle on the floorboard of the truck. Ballard did not think the driver seemed intoxicated, but that he appeared to have just experienced a "hard accident." Ballard asked the driver what his name was, and the man replied, Ray. Ballard could not identify Ruiz in the courtroom.

Gillespie County Sheriff's Deputy Wayne Hudson was dispatched to the accident scene at approximately 9:00 p.m. Hudson asked Ruiz whether he had been drinking, and Ruiz did not answer yes or no, but talked about where he had been going when the accident occurred. Hudson observed a small cut on Ruiz's forehead. Hudson saw an open pint-sized bottle of tequila on the driver's-side floorboard. Ruiz told Hudson the tequila was for a friend. Hudson excused himself to move his patrol car to warn oncoming traffic of the accident. When he returned, he noticed that the tequila bottle was gone; it was never recovered. Hudson did not smell any odors from or near Ruiz, but stated that he has a "bad nose."

Texas Department of Public Safety Troopers Chris Gates and Joe Rios arrived at the accident scene after Hudson and began investigating. Gates observed a vehicle facing the

opposite direction of traffic in the ditch hung up on a culvert. Gates smelled a strong odor of alcohol coming from Ruiz, and noticed a wet spot on the floorboard. Gates asked Ruiz some questions, and some of Ruiz's answers did not make sense. Gates did not observe any signs of injury to Ruiz. Gates assumed Ruiz was intoxicated because of the smell coming from his breath, and because his eyes were red, bloodshot, and watery. Gates also observed Ruiz leaning on the backside of his truck with both hands with his back towards the bed of the truck. Ruiz told Gates he had been drinking all day, but later said he had not been drinking at all. Gates noticed that Ruiz became belligerent and uncooperative as he was asked more questions. Ruiz refused to allow Gates to administer the horizontal gaze nystagmus (HGN) test. Gates arrested Ruiz, and believed Ruiz was intoxicated based on (1) the car crash; (2) Ruiz's statement that he hit a deer which Ruiz retracted when he could not remember if it was a deer he hit; (3) Ruiz's demeanor and actions; (4) Ruiz's slurred speech; and (5) Ruiz's breath that smelled of alcohol and the fact that he hid a bottle of tequila. Ruiz refused to provide a breath specimen after his arrest.

Trooper Rios stated that Ruiz was verbally combative, and that he smelled a strong odor of alcohol coming off of Ruiz's breath and person when standing two to three feet from him. Ruiz's whole demeanor led Rios to believe Ruiz might be intoxicated, including his red, watery eyes, his slurred speech, and unsteady balance. Because Ruiz refused to allow the officers to administer the field sobriety tests, Rios stated that Gates had no choice but to arrest Ruiz for driving while intoxicated.

## DISCUSSION

Ruiz complains the evidence is both legally and factually insufficient to support the jury's verdict. Because it is no longer appropriate to conduct a separate review for factual

sufficiency in criminal appeals, we review the evidence to determine whether it is legally sufficient under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App. 2005). In conducting a sufficiency review, we must defer to the factfinder's credibility and weight determinations. *Brooks*, 323 S.W.3d at 902-03. "After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element." *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).

Ruiz contends the evidence is legally insufficient to support the jury's verdict that he was intoxicated while operating a motor vehicle because there is a glaring inconsistency between Deputy Hudson's and Trooper Gates's testimony. Hudson did not smell alcohol on Ruiz while Gates did. Additionally, Hudson stated that Ruiz had a minor cut on his forehead, yet Gates observed no obvious indication of injury. Ruiz asserts that the inconsistent testimony of two trained law enforcement officers testifying on behalf of the State creates reasonable doubt. Ruiz maintains that the evidence of intoxication was weak, and that his explanation for the accident— that he swerved to avoid a deer—was plausible. We disagree that the evidence is legally insufficient to support the jury's verdict.

A person commits the offense of driving while intoxicated if he operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04 (West 2011). "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of

alcohol into the body. TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011). Evidence of intoxication may include (1) slurred speech, (2) bloodshot eyes, (3) the odor of alcohol on the person, (4) the odor of alcohol on the breath, (5) unsteady balance, or (6) a staggered gait. *Harris v. State*, 204 S.W.3d 19, 25 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Circumstantial evidence of the fact of intoxication may also be shown by the manner in which the appellant managed his vehicle. *See Kennemur v. State*, 280 S.W.3d 305, 313 (Tex. App.—Amarillo 2008, pet. ref'd).

Taken in the light most favorable to the jury's verdict, the evidence at trial showed Ruiz was driving erratically and crashed his vehicle into a culvert. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) ("Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object."). An empty tequila bottle was seen in Ruiz's truck by two witnesses, and it disappeared after Gates asked Ruiz about it. Troopers Gates and Rios both smelled alcohol on Ruiz, and observed red, watery eyes and unsteady balance. His refusal to allow Gates to administer the HGN test led both troopers to believe that Ruiz had something to hide. In addition, Ruiz's uncooperative behavior indicated to the troopers that he would also refuse the field sobriety tests. *See Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing refusal to perform field sobriety tests as a factor that can support probable cause to arrest suspect for DWI). Although Gates's testimony relative to alcohol odor and injury differed from Hudson's, the jury—as the sole arbiter of credibility—was free to disregard Hudson's testimony on these matters.

Accordingly, we conclude that a factfinder could reasonably have found that Ruiz operated his motor vehicle at a time when he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into the body. Thus, the evidence is legally sufficient to support the jury's verdict. Ruiz's issue on appeal is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH