

# NUMBER 13-11-00191-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

---

**RAY DEL PILAR,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the County Criminal Court at Law No. 14 of Harris County, Texas

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Ray Del Pilar, appeals his conviction for public lewdness, a Class A misdemeanor.[1]  *See* TEX. PENAL CODE ANN. § 21.07 (West 2006).  Appellant was

---

[1]  Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Fourteenth Court of Appeals in Houston, Texas. *See* TEX GOV'T CODE ANN. § 73.001 (West 2005).

charged by information with public lewdness by engaging in an act of deviate sexual intercourse, namely anal sex, in a public place. *See id.* §§ 21.07(a)(2), 43.01(1) (West Supp. 2009).

Pursuant to a jury trial, appellant was found guilty. The trial court sentenced appellant to 365 days of confinement in county jail, but suspended the sentence of confinement and placed appellant on community supervision for a period of eighteen months. By a single issue on appeal, appellant argues "the evidence presented at trial was legally insufficient to prove that there was flesh-to-flesh contact between" appellant's "anus and the unknown man's penis as required to prove deviate sexual intercourse." We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James Stephenson, an off-duty police officer, had completed his workout at a fitness club when he walked into the men's shower room. The shower room was communal, with shower heads along two walls without any stalls or shower curtains.

Stephenson observed that appellant, wearing only a thong, had his buttocks backed into the groin of a nude male. Stephenson believed that appellant and the male were engaging in anal sex. Stephenson testified twice that appellant and the unknown male were "tight" up against one another, buttocks to groin. When Stephenson ordered the men to stop, the unknown male backed away from appellant's buttocks. As the unknown male backed away, Stephenson observed that the man had a "full erection." Appellant was "grinning."

Stephenson informed the men that he was going to leave the area and that they

2

better be gone when he returned. When Stephenson and another off-duty officer returned to the locker room, the unknown male had left, but appellant was still present.

An on-duty police officer arrived to investigate, and appellant was subsequently arrested for public lewdness.

## II. STANDARD OF REVIEW AND ANALYSIS

When reviewing the sufficiency of the evidence, the reviewing court must ask itself whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979). The jury is the sole judge of a witness's credibility and the weight to be given to the testimony. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). The reviewing court should not act as a thirteenth juror that substitutes its own opinion of the credibility and weight of the evidence for that of the fact-finder. *See Brooks v. State,* 323 S.W.3d 893, 905 (Tex. Crim. App. 2010) (plurality op.). Instead, the reviewing court must resolve inconsistencies in testimony in favor of the verdict and then ask whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt. *Kuciemba v. State,* 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A fact-finder may support its verdict with reasonable inferences

3

drawn from the evidence, and it is up to the fact-finder to decide which inference is most reasonable. *Laster v. State,* 275 S.W.3d 512, 523 (Tex. Crim. App. 2009).

To measure legal sufficiency, we use the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Appellant was charged with engaging in "deviate sexual intercourse" in a public place. "Deviate sexual intercourse" is defined as "any contact between the genitals of one person and the mouth or anus of another person." *See* TEX. PENAL CODE ANN. § 43.01(1) (West Supp. 2009). In support of his issue on appeal, appellant emphasizes the only eyewitness to the offense, Officer Stephenson, testified on cross examination he did not see appellant's anus, he did not see the unknown male insert his penis in appellant's anus, and he only saw the unknown male's penis "removed" from appellant's anus. Appellant also emphasizes that appellant was wearing a thong at the time of the incident and argues that flesh-to-fabric contact is insufficient to sustain appellant's conviction.

The record shows Stephenson's testimony was clear and unequivocal that he saw appellant and the unknown male engaged in anal sex. Stephenson testified he was not certain the unknown male's penis was "in there 100 percent," but that he saw the male remove his penis from appellant's anus. The jury was free to believe Stephenson's

4

testimony and to reject appellant's theory of the case. *See State v. Mercier*, 164 S.W.3d 799, 813–14 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Moody v. State*, 830 S.W.2d 698, 699–700 (Tex. App.—Houston [1st Dist.] 1992, pet ref'd). Having reviewed all of the evidence in the record, we conclude a rational jury could have found beyond a reasonable doubt that there was contact between appellant's anus and the genitals of the unknown male—that is, that appellant engaged in deviate sexual intercourse in a public place. *See Jackson,* 443 U.S. at 326; *see also* TEX. PENAL CODE ANN. § 43.01(1). Appellant's sole issue on appeal is overruled.

## III.  CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish.   Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of December, 2011.