Opinion filed April 19,
2012

 

                                                                       In The

                                                                              

  Eleventh Court of
Appeals

                                                                   __________

 

                                                         No. 11-10-00104-CR

                                                    __________

 

                                      MICHAEL
ROSE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 241st District Court

 

                                                            Smith
County, Texas

 

                                                Trial
Court Cause No. 241-0217-09

 



 

M E M O R A N D
U M   O P I N I O N

 

            Michael
Rose was indicted for the offense of felony driving while intoxicated in
February 2009.  The indictment alleged that, in the course of committing the
offense of DWI, appellant had used or exhibited a deadly weapon: a motor
vehicle that in the manner and means of its use was capable of causing death or
serious bodily injury.  Appellant stipulated to two prior convictions for
driving while intoxicated.  He entered a plea of “not guilty” to the primary
offense and contested the deadly weapon issue.  A jury convicted appellant and
assessed punishment at eight years confinement in the Institutional Division of
the Texas Department of Criminal Justice and a fine of $5,000.  In a single
issue, appellant asserts that the evidence was legally insufficient to support
the finding of use of a motor vehicle as a deadly weapon.  We affirm.

Facts

            In
November 2008, Santos Barrera and his wife, Mary, were traveling through Smith
County on their way home to College Station from visiting family in Tyler.  While
stopped at an intersection, Santos heard the sound of screeching brakes just a
moment before being rear-ended by another vehicle.  Santos and Mary both testified
that the braking sound was very short and from the time that appellant put on
his brakes to the time that he hit them was a very short period of time.  Santos
and Mary both testified that the road was dry on the night in question and that
the intersection was well-lighted.  Santos testified that there was enough time
to stop and that he “could see as if it was daylight.  That’s how much light
there is there.”  Mary testified that the intersection at Highway 69 and Loop
323 is a “pretty big intersection.”

            Santos
was in the center lane, and there were other cars all around him who were also
stopped at the intersection. Santos’s Chevrolet Silverado was much larger and
taller than appellant’s vehicle, and as a result, appellant’s vehicle went
underneath Santos’s pickup upon impact.  Though the damage to Santos’s vehicle
was minimal, the impact was hard, and appellant’s vehicle was severely damaged:
the hood was pushed up to the windshield.  Santos was not sure if appellant’s
vehicle was capable of being driven.  Santos’s pickup was better equipped to
take the impact because of its size relative to appellant’s car.  Santos testified
that, if he had been driving his wife’s car, they would have been damaged a lot
worse.  He testified further that, if his pickup had not been between appellant
and the intersection, the incident overall would have been a lot worse.

            Santos
and appellant’s passenger both got out of their respective vehicles.  Santos asked
the passenger to drive to an adjacent gas station in order to get the vehicles
out of the intersection.  After pulling over and parking the vehicles, Santos
spoke with appellant’s female passenger who asked to trade insurance
information and then have her son pick them up.  Eventually, appellant got out
of the vehicle.  When appellant got out of the vehicle, he appeared to be very
intoxicated.  “[H]e couldn’t walk at all.  He stumbled to the left, like trying
to catch his balance, pretty bad.”  The police were called.  Appellant and his
passenger switched seats in the car before the police arrived.  The female passenger
helped appellant around to the other side of the car and then drove the car
further down the parking lot to wait for her son. 

            When
Officer Darrell Cook arrived, he spoke to Santos and Mary and then to appellant.
Officer Cook noticed that appellant was slurring his speech.  He also noticed
an odor of alcohol on appellant’s breath. Appellant told Officer Cook that he
had had a couple of beers.  Officer Cook administered the horizontal gaze nystagmus
(HGN) test on appellant, and appellant exhibited all six of the HGN clues that
indicate intoxication.  Appellant was not able to perform other field sobriety
tests.  The nine-step walk-and-turn was attempted, but appellant was unable to
perform it.  The one-leg stand was not attempted because Officer Cook felt it
was not safe to attempt it.  Officer Cook determined that appellant was at
fault in the collision and had been driving while intoxicated.

            Appellant
was arrested and consented to a breath test.  The results showed blood alcohol
concentrations of 0.146 and 0.143.  The legal limit is 0.08.  Tex. Penal Code Ann. § 49.01(2)(B)
(West 2011).  Officer Cook testified that a person driving a motor vehicle at
that level of intoxication is capable of causing death or serious bodily injury
to others.  It was his testimony that, in this specific case, appellant was
driving and operating his motor vehicle in a manner capable of causing death or
serious bodily injury.

Legal
Sufficiency

            Appellant
argues that the evidence was legally insufficient to support an affirmative
deadly weapon finding.  In resolving appellant’s sufficiency challenge, we view
the evidence in the light most favorable to the verdict to determine if a
rational trier of fact could have found, beyond a reasonable doubt, that appellant
used his vehicle as a deadly weapon when driving while intoxicated.  Sierra
v. State, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009); see also Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d
893, 894–95 (Tex. Crim. App. 2010).

            The
Texas Penal Code defines a “deadly weapon” as “anything that in the manner of
its use or intended use is capable of causing death or serious bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17)(B)
(West Supp. 2011).  “To determine whether the evidence supports an affirmative
deadly weapon finding in cases involving motor vehicles, we conduct a two-part
analysis.”  Hilburn v. State, 312 S.W.3d 169, 177 (Tex. App.—Fort Worth
2010, no pet.) (citing Sierra, 280 S.W.3d at 255).  We first “evaluate
the manner in which the defendant used the motor vehicle during the felony.”  Sierra,
280 S.W.3d at 255.  We then “consider whether, during the felony, the motor
vehicle was capable of causing death or serious bodily injury.”  Id.

            To
evaluate the manner in which the defendant used the motor vehicle, we must
determine whether the defendant’s driving was reckless or dangerous.  Id.
 We consider several factors to determine recklessness or dangerousness, such
as: (1) intoxication; (2) speeding; (3) disregarding traffic signs and
signals; (4) driving erratically; and (5) failure to control the vehicle.  Id.
at 255–56. The record here shows that appellant was intoxicated.  The evidence
established that appellant smelled of alcohol, had trouble speaking, and could
not walk or hold himself upright.  He had to be helped to the passenger seat by
his companion.  His level of impairment was so severe that it precluded the
full battery of field sobriety tests.  His breath test, conducted after some
time had passed after the collision, revealed a blood alcohol concentration of
over one and one-half times the legal limit.  Officer Cook testified that,
based on his experience, a driver operating a vehicle while intoxicated at
nearly one and one-half times the legal limit is capable of causing serious
bodily injury or death.  The evidence also shows that appellant failed to
control his vehicle, given that he crashed into Santos’s stopped vehicle at a
crowded and well-lighted intersection.  See, e.g., Kuciemba v. State,
310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (finding that “the inference” that
an intoxicated driver caused an accident “is even stronger when the accident is
a one-car collision with an inanimate object”).  The very short amount of time
between appellant’s braking and the impact tends to show that the vehicle was
being driven recklessly.  See Sierra, 280 S.W.3d at 256 (concluding that
a rational factfinder was permitted to conclude that Sierra was driving
recklessly or dangerously while intoxicated because Sierra could have avoided
the collision, but he failed to brake even though he had ample opportunity to
stop before hitting the car).  Here, the road was dry; the intersection was a
major one and was well-lighted; and numerous other vehicles had already reached
a complete stop.  The evidence was sufficient to support a finding that appellant’s
driving was reckless or dangerous. 

            We
must now turn to the second part of the Sierra test—whether the motor
vehicle could cause death or serious bodily injury.  Sierra, 280 S.W.3d
at 255.  To sustain this finding, several Texas courts have held that there
must be evidence that others were actually endangered in the accident.  See
Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); Drichas v.
State, 219 S.W.3d 471, 476 (Tex. App.—Texarkana 2007, pet. ref’d); Williams
v. State, 946 S.W.2d 432, 435 (Tex. App.—Fort Worth 1997, rev’d on other
grounds, 970 S.W.2d 566 (Tex. Crim. App. 1998).  A hypothetical potential
for danger is not sufficient.  Cates, 102 S.W.3d at 738.  We must “examine
the record for evidence that there were other motorists present at the ‘same
time and place’ as the reckless driving occurred.”  Drichas, 219 S.W.3d
at 476; see Williams, 946 S.W.2d at 435–36 (holding that a deadly weapon
finding must be supported by evidence that “there was someone present who was
placed in danger of serious bodily injury or death”).

            The
record here shows that there were other motorists present at the same time and
place as the reckless driving occurred and that, while there were no injuries,
others were actually endangered in the accident.  Appellant rear-ended a
vehicle with two occupants inside.  Santos testified that it was only the size
and height of his pickup that protected his vehicle and its occupants.  The
disproportionate sizes of the vehicles caused appellant’s vehicle to rebound
instead of crushing Santos’s vehicle.  There were numerous other vehicles at
the intersection, with varying numbers of occupants.  It was Santos’s testimony
that, had his pickup not been between appellant and the cars in front of him,
and the middle of the intersection, the damage could have been a lot worse.  The
impact from appellant’s car on a smaller vehicle would have caused serious harm
to that smaller vehicle’s occupants, and the smaller vehicle could have been
pushed into oncoming traffic.  Furthermore, appellant’s own vehicle was damaged
dramatically, and he had a passenger in the front seat with him.  The evidence
shows that appellant’s female passenger was undoubtedly placed in danger of
serious bodily injury.  The evidence also shows that the risk posed to those
around appellant was real, not merely hypothetical. 

Viewing
the evidence in a light most favorable to the prosecution, a rational jury
could have determined beyond a reasonable doubt that appellant used his vehicle
in a manner capable of causing death or serious bodily injury.  We hold that the
evidence was legally sufficient to support the jury’s verdict.  Appellant’s sole
issue on appeal is overruled. 

The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

April 19, 2012

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.