

# NUMBER 13-12-00229-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH TIMOTHY ZAVADIL,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant, Kenneth Timothy Zavadil, challenges his convictions on three counts of promotion of child pornography. *See* TEX. PENAL CODE ANN. § 43.26(e) (West Supp. 2011). By one issue, appellant argues that the evidence at trial was insufficient to

support a conviction on each count. We affirm.

## I. BACKGROUND

In April 2009, appellant's wife, Sara, approached her neighbor, Constable James Caloway, in Victoria, Texas, because she wanted to prevent her son from having access to her husband's pornographic material.[1] Constable Caloway presented the information to the Texas Department of Public Safety (DPS). DPS then conducted an investigation, led by Sergeant Donald Druesedow. Sergeant Druesedow interviewed Sara, and she provided a written statement and drew a diagram of the family's residence.

Sergeant Druesedow became convinced that appellant was in possession of child pornography, and he obtained a search warrant for appellant's home. Sergeant Druesedow and other officers executed the search on May 7, 2009. During the search, officers seized seven CPU units, over 6,000 floppy disks, compact disks, as well as a VHS tape, and notebooks. Some of the items came from an area of appellant's home that he and his family referred to as "Happy Land." Several witnesses testified to "Happy Land" as being part of appellant's home, which the family designated as appellant's area. Appellant kept his guitars, computers, disks, and pornography in "Happy Land." Sara testified that appellant would go to the area when he was in a bad mood; however, the rest of the family, as well as visitors, had access to the area.

The officers turned the evidence over to a digital examiner, Kenneth Patterson, at the Corpus Christi Police Department. Patterson testified that he found child

---

[1] At trial, Constable Caloway testified that Sara told him appellant's pornographic material included child pornography. In her testimony, Sara denied this, stating that she only informed Constable Caloway that appellant possessed adult pornography. The jury had the responsibility of resolving this issue, and we presume the jury did so in favor of the verdict. *See Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Further, this particular testimony is not relevant to this appeal.

2

pornography on one of the compact disks, but the officers did not know which part of appellant's home the disk came from. Patterson also found eleven child pornography images on a floppy disk, which officers seized from "Happy Land." Additionally, Patterson found child pornography on two of the CPU units.

The State indicted appellant on eighteen counts of possession of child pornography and three counts of promotion of child pornography. *See id.* Appellant pleaded not guilty to all counts. The jury found appellant guilty on counts 19, 20, and 21.[2] The jury imposed a sentence of twenty years' imprisonment and assessed a $10,000.00 fine for each count.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

When reviewing the sufficiency of the evidence, a court will examine the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2011). The critical inquiry is whether the evidence would support a rational fact-finder determining that the defendant is guilty beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The fact-finder may support its verdict with reasonable inferences drawn from the evidence. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The fact-finder decides which inferences are the most reasonable. *Id.*

The reviewing court measures the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). A hypothetically correct jury charge is

---

[2] The State dismissed the remaining counts and did not submit them to the jury.

authorized by the indictment, accurately sets out the law, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense in question. *Malik v. State*, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997). To support a conviction for promotion of child pornography, the evidence must show that appellant (1) knowingly or intentionally promoted or possessed with intent to promote materials that visually depicted a child, younger than eighteen years of age at the time the image of the child was made, who was engaging in sexual conduct, and (2) knew the material depicted a child younger than eighteen engaging in sexual conduct. *See* Tex. Penal Code Ann. § 43.26(e).

The State does not have to provide direct evidence to prove the defendant's guilt. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. The fact-finder may infer a defendant's intent from his words, acts, and conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Thus, intent and knowledge are fact questions and are usually proven through the circumstances surrounding the crime. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984).

### III. DISCUSSION

By one issue, appellant argues that the evidence was insufficient to prove that he downloaded child pornography. Specifically, appellant contends that several people had access to the computer where the images were found, and anyone could have been

4

responsible for downloading and saving the files.

We agree with appellant that the State did not provide direct evidence to show that he downloaded the images himself. However, the State provided sufficient circumstantial evidence to show that appellant committed the offense. The State showed that the child pornography was found in appellant's home and some of the images were found in "Happy Land," an area that appellant reserved for himself in the family home. Further, each of the witnesses testified to not downloading the pornography onto the computers in appellant's home. Moreover, Patterson testified that the creation date of the images was January 1999. This date precedes the dates which the witnesses recalled seeing other people using appellant's computer. Additionally, Patterson found identical versions of the same images of children in various locations, for example, on both compact disks and a hard drive. Finally, appellant executed a stipulation indicating that the handwriting on a floppy disk, which contained child pornography, was his own.

We conclude that the foregoing circumstantial evidence shows that appellant knowingly or intentionally promoted or possessed, with intent to promote, materials that visually depicted a child, younger than eighteen years of age at the time the image of the child was made, who was engaging in sexual conduct. *See* TEX. PENAL CODE ANN. § 43.26(e); *see also Hooper*, 214 S.W.3d at 13. A rational fact-finder could have found the essential elements of the crime based on the foregoing evidence; therefore, the evidence was sufficient. *See Jackson*, 443 U.S. at 319. Appellant's sole issue is overruled.

5

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.