**Affirmed and Opinion Filed October 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00684-CR**

**STEPHANIE ANNE TIMINEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-84907-2020**

## MEMORANDUM OPINION

Before Justices Osborne, Nowell, and Smith
Opinion by Justice Nowell

A jury convicted appellant Stephanie Anne Timiney of driving while intoxicated. Pursuant to an agreement, the trial court sentenced her to 180 days confinement, suspended the sentence, and placed appellant on community supervision for eighteen months. In a single issue, appellant challenges the sufficiency of the evidence to support her conviction.

## Background

On April 25, 2019, at approximately 6:40 p.m., officers arrived at the scene of a car crash in which a Ford van was "pretty smashed up" and lying on its side. A witness reported appellant ran a red light and hit the van.

Sergeant Shane McFarland talked to appellant after the crash. Based on his experience, he believed "something seemed off." Officer Johnathan Shanks arrived and continued the investigation. Appellant denied drinking; however, when he asked about drugs, appellant said she took her "normal prescriptions." These included Latuda and Lamictal. Appellant later said she had also taken Benadryl, Theraflu, and Ambien.

Officer Shanks conducted three field sobriety tests: the horizontal gaze nystagmus, the walk and turn, and the one-legged stand. He did not observe any signs of intoxication based on the horizontal gaze nystagmus test. During the walk and turn test, Officer Shanks observed four signs of intoxication, which included appellant not balancing during instructions, missing heel to toe steps, stepping off the line, and failing to complete the correct number of steps. He observed three signs of intoxication during the one-legged stand test, which included swaying, putting her foot down, and using her arms to balance. Based on his experience and training, Officer Shanks believed appellant was intoxicated to the point of losing the normal use of her mental and physical faculties.

He arrested appellant and transported her to the Allen Police Department where she consented to a blood draw. The toxicology report indicated appellant had 27 nanograms per liter of "Delta-9-THC metabolite" in her system. It further indicated she had Diphenhydramine, Gabapentin, Lamotrigine, and Zolpidem "detected" in her system.

The jury found appellant guilty of driving while intoxicated. This appeal followed.

### Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, (1979); *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017). The jurors are the exclusive judges of the evidence and the weight to be given the testimony. *See Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). As the sole judges of credibility, jurors may accept one version of the facts and reject another. *Kinnett v. State*, 623 S.W.3d 876, 895 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Bohannan*, 546 S.W.3d at 178. "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we

defer to that determination." *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015).

To prove appellant's guilt, the State needed to demonstrate she was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a). "Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A). However, the substance that causes intoxication is not an element of the offense. *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004).

Texas courts have repeatedly held the testimony of a peace officer that a person is intoxicated can provide sufficient evidence to establish the element of intoxication. *See Salim v. State*, No. 05-16-00159-CR, 2017 WL 908790, at *3 (Tex. App.—Dallas Mar. 8, 2017, pet. ref'd) (mem. op., not designated for publication); *see also Proctor v. State*, No. 11-19-00018-CR, 2020 WL 7414650, at *3 (Tex. App.—Eastland Dec. 18, 2020, no pet.) (mem. op., not designated for publication). Moreover, a conviction for DWI can be supported solely by circumstantial evidence. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *see also Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (circumstantial evidence as probative as direct evidence in establishing guilt).

**Discussion**

Appellant argues the evidence is legally insufficient to support her conviction because the State failed to sufficiently link her behavior to a substance causing her alleged intoxication. She relies on the State's failure to call a toxicologist, or any other expert, to explain the results of the toxicology report or explain the effects of any substance listed in the report on the normal use of her mental or physical faculties. The State responds it was not required to prove the substance that caused her intoxication, and the circumstantial evidence, along with the officers' testimony, was sufficient to uphold her conviction. We agree.

Sergeant McFarland described appellant as "leaning" on the vehicle. She was "kind of slow, deliberate . . . lethargic, and she fumbled with her purse" before offering Sergeant McFarland her medical insurance card despite his asking for her driver's license. Based on his experience, he believed "something seemed off."

Officer Shanks testified that when he investigates "drug driving," he looks for whether a person can engage in conversation and maintain balance without assistance. He then described appellant as leaning against her car during their conversation, "fidgeting" with her purse, and "struggling to do whatever she was intending to do with that." He also noticed appellant's pupils were "extremely constricted, almost like a pinprick," which often indicates the presence of drugs.

Officer Shanks described the signs of intoxication he observed based on appellant's performances on three sobriety tests. Based on his experience and

training, he believed appellant was intoxicated. His testimony alone was sufficient to establish the element of intoxication. *See Salim*, 2017 WL 908790, at *3; *see also Proctor*, 2020 WL 7415650, at *3.

In addition to Sergeant MacFarland and Officer Shanks' testimony, the jury watched body cam footage in which it observed appellant's actions and statements shortly after the accident. The footage showed her swaying during the horizontal gaze nystagmus test and sometimes moving her head despite instructions to keep her head still. The video also confirmed her inability to follow instructions for the walk-and-turn test or keep her balance and follow instructions for the one-legged stand.

Finally, appellant admitted she had taken several medications, including Ambien at 4 a.m. on the day of the accident. Her toxicology report indicated she had ingested several drugs. To the extent she contends the evidence is insufficient because the State failed to call an expert to explain the toxicology report, appellant ignores the well-established case law that the State need not prove the type of intoxicant. *See Gray*, 152 S.W.3d at 132; *see also Lacy v. State*, No. 12-17-00379-CR, 2019 WL 210838, at *2–3 (Tex. App.—Tyler Jan. 16, 2019, no pet.) (mem. op., not designated for publication) (rejecting appellant's legal sufficiency challenge when blood draw was negative for eight intoxicating substances but other circumstantial evidence, including officer's testimony, supported DWI conviction). While an expert explaining the report certainly would have strengthened the State's

evidence of intoxication, its failure to do so does not weaken the evidence presented to the jury.

Based on our review of the record, we conclude a jury could have found beyond a reasonable doubt that appellant operated a motor vehicle in public while she was intoxicated to the point she did not have the normal use of her mental and physical faculties.  Appellant's sole issue is overruled.

## Conclusion

We affirm the trial court's judgment.

//Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210684f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHANIE ANNE TIMINEY,
Appellant

No. 05-21-00684-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas
Trial Court Cause No. 001-84907-2020.
Opinion delivered by Justice Nowell. Justices Osborne and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.